**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  1:16-cv- 02372-CBS

303 CREATIVE LLC, a limited liability company; and
LORIE SMITH,

    *Plaintiffs*,

vs.

AUBREY ELENIS, Director of the Colorado Civil Rights
Division, in her official capacity;
ANTHONY ARAGON,
ULYSSES J. CHANEY,
MIGUEL "MICHAEL" RENE ELIAS,
CAROL FABRIZIO,
HEIDI HESS,
RITA LEWIS, and
JESSICA POCOCK, as members of the Colorado Civil Rights
Commission, in their official capacities, and
CYNTHIA H. COFFMAN, Colorado Attorney General,
in her official capacity;

*Defendants*.

---

## PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

---

Now come Plaintiffs 303 Creative LLC and Lorie Smith, by and through counsel, and hereby move this Court for a preliminary injunction, pursuant to Federal Rule of Civil Procedure 65. This requested preliminary injunction will prohibit Defendants from enforcing Colo. Rev. Stat. § 24-34-601(2)(a) in a manner that (1) requires Plaintiffs to design, create, or publish custom wedding websites promoting and celebrating same-sex weddings if they design, create, or publish custom websites promoting and celebrating weddings between one man and one woman and (2) bans Plaintiffs from publishing speech explaining their religious reasons for declining to design, create, and publish custom wedding websites that celebrate any form of marriage not between one man and one woman, including the specific website (attached to the Verified Complaint as Exhibit B) that Plaintiffs want to publish but have not done so for fear of punishment. In support of this motion seeking as-applied relief, Plaintiffs rely upon the Verified Complaint, the affidavit and appendix filed in support of this motion, the memorandum of law filed herewith, and any oral argument set by the Court.

Lorie Smith is a graphic and website design artist who always dreamed of using her artistic ability for a higher purpose. To accomplish this goal, Lorie started her own business, 303 Creative LLC, so that she could more fully integrate her faith and her work, something she could not do at the traditional graphics and marketing companies where she had worked. As 303 Creative's sole owner/operator and employee, Lorie uses her substantial experience with graphic design, website design, social media management, and marketing to promote messages that align with her religious beliefs. Lorie declines to create any artwork, graphics, or textual content that communicates ideas or messages that are inconsistent with her beliefs. Ver. Compl. ¶ 115.

One key way in which Lorie felt called by God to serve Him through her work was by designing, creating, and publishing custom wedding websites that depict the beauty of God's design for marriage between one man and one woman. This work is expressive in nature and uses images, words, symbols, and other modes of expression to tell a couple's unique story of love and commitment. Lorie created a special addition to 303 Creative's website announcing this new service and describing 303 Creative's religious motivation for offering this artistic service. To be transparent about the services 303 Creative provides, this addition explains that she "will not be able to create websites for same-sex marriage or any other marriage that is not between one man and one woman" because "[d]oing that would compromise [her] Christian witness and tell a story about marriage that contradicts God's true story of marriage—the very story He is calling [her] to promote." Ver. Compl. ¶ 163. But this website addition never saw the light of day.

Colorado's Anti-Discrimination Act ("CADA") bars businesses from discriminating based on a person's disability, race, creed, color, sex, sexual orientation, marital status, and national origin or ancestry. Colo. Rev. Stat. § 24-34-601(2)(a). It also bars businesses from publishing statements that would directly or indirectly indicate that service will be denied, or that a person's patronage or presence is "unwelcome, objectionable, unacceptable, or undesirable," based on these protected grounds. *Id.* This rule should have no effect on Lorie's religious practice because she decides what expression to create based on its message, not any prospective client's personal characteristics.[1] But Defendants have interpreted CADA as prohibiting

---

[1] For simplicity's sake, this motion refers to both Plaintiffs collectively as "Lorie" whenever possible.

expressive businesses from declining to create speech that celebrates same-sex marriage for religious or moral reasons. App. in Supp. of Pls.' Mot. for Prelim. Inj. ("App.") 1-16, 43-52.

As a result, Defendants have prosecuted Masterpiece Cakeshop, a Christian bakery, under CADA for declining to create a custom wedding cake for a same-sex couple, even though Masterpiece Cakeshop declined that order based on the unwelcome message expressed by the cake and offered to make any number of other items for the prospective clients. Ver. Compl. ¶¶ 70-72; App. 5, 46, 51. Defendants, in contrast, deemed three secular bakeries—Azucar Bakery, Le Bakery Sensual, Inc., and Gateaux, Ltd.—in compliance with CADA when they refused to create custom cakes expressing a religious message critical of same-sex marriage for a Christian client but would create other items for Christians. App. 17-34. Thus, with respect to expressive businesses that approve of same-sex marriage, Defendants recognized a distinction between (a) discrimination based on a protected status and declining a commission based on a disagreeable message and (b) the significance of the bakeries' willingness to create other items for members of a protected group. App. 20. But Defendants refuse to apply either consideration to Masterpiece Cakeshop or other expressive businesses that oppose same-sex marriage, putting them at imminent risk of incurring investigations, re-education training, reporting requirements, and fines of up to $500 for each violation of CADA. Colo. Rev. Stat. §§ 24-34-306(2)(a), -306(9), -602(1)(a), -605; App. 5-6, 15, 46, 51.

303 Creative holds the same religious beliefs regarding marriage as Masterpiece Cakeshop and has the same policy of not creating speech that promotes same-sex marriage. Ver. Compl. ¶¶ 113-14. And 303 Creative wishes to publish speech explaining its religious reasons for declining to promote any form of marriage not between a man and a woman. Ver. Compl.

3

¶¶ 162-63, 219-20.  It is thus a clear target of Defendants' rules that no expressive business may decline to create speech promoting same-sex marriage on religious or moral grounds or publish speech explaining its religious reasons for celebrating only marriage between a man and a woman.  As a direct result, 303 Creative has not published the new addition to its website announcing the availability of custom wedding websites and explaining its religious reasons for designing, creating, and publishing only speech that promotes God's design for marriage between a man and a woman.  Ver. Compl. ¶¶ 177-79.  But for CADA and Defendants' discriminatory application of it, 303 Creative would do so immediately.  Ver. Compl. ¶¶ 180, 285.

Defendants' application of CADA to expressive businesses that oppose same-sex marriage on religious grounds—like 303 Creative—violates the First Amendment, the Unconstitutional Conditions Doctrine, and the Equal Protection Clause.  Indeed, Defendants' application of CADA violates three aspects of the First Amendment:  (1) the Free Speech Clause, (2) the Free Press Clause, and (3) the right of expressive association.  The Free Speech Clause protects Lorie's right to speak about marriage and create art that aligns with her religious beliefs.  But Defendants apply CADA in a content and viewpoint based fashion to target expressive businesses that disfavor same-sex marriage, like 303 Creative, for censure and punishment.  Defendants also compel Lorie to create expression celebrating same-sex marriage against her will in violation of the Compelled Speech Doctrine.  Defendants' application of CADA further violates the Free Press Clause by prohibiting Lorie from publishing a religious critique of same-sex marriage on 303 Creative's website because doing so might directly or indirectly indicate requests for custom same-sex wedding websites would be unwelcome or denied.  Defendants'

4

application of CADA also unlawfully compels Lorie to engage in expressive association with persons seeking to partner with an artist to promote a view of marriage that directly opposes her own.

Furthermore, Defendants apply CADA to condition Lorie's right to create expression about marriage between a man and a woman on her agreement to create unwanted expression about other types of marital unions.  This violates the Unconstitutional Conditions Doctrine by deterring or chilling Lorie's protected speech in an indirect attempt to do what Defendants cannot do directly, *i.e.*, force Lorie to engage in speech celebrating same-sex marriage. Likewise, Defendants' application of CADA only to expressive businesses that disfavor same-sex marriage—like 303 Creative—but not to expressive businesses that support same-sex marriage—like Azucar Bakery, Le Bakery Sensual, Inc., and Gateaux, Ltd.—violates the Equal Protection Clause.  Such unequal treatment based on expressive businesses' viewpoints on marriage has no rational, let alone compelling, basis.

Defendants' interpretation of CADA has barred, and will continue to bar, Lorie from engaging in protected speech about marriage.  It is imperative that this Court enjoin Defendants' unconstitutional policy and practice of applying CADA to force Lorie to design, create, and publish speech promoting same-sex marriage and to forbid Lorie from broadcasting her religious views on marriage on 303 Creative's website.  Lorie experiences irreparable harm each day Defendants prohibit her from engaging in free speech.  Lorie thus respectfully requests that this Court rule on her Motion for Preliminary Injunction as soon as possible.

Lorie also respectfully requests that this Court waive the bond requirement for a preliminary injunction because this case serves the public interest by vindicating her First and

Fourteenth Amendment rights, *see City of Atlanta v. Metro. Atlanta Rapid Transit Auth.*, 636 F.2d 1084, 1094 (5th Cir. 1981) (upholding the waiver of bond where "plaintiffs were engaged in public-interest litigation"), and there is no likelihood of harm to Defendants, as they already recognize the free speech rights of expressive businesses that support same-sex marriage, *see Coquina Oil Corp. v. Transwestern Pipeline Co.*, 825 F.2d 1461, 1462 (10th Cir. 1987) ("[A] trial court may … determine a bond is unnecessary to secure a preliminary injunction if there is an absence of proof showing a likelihood of harm." (quotation omitted)). Lorie's ability to protect her constitutional "rights should not be contingent upon an ability to pay." *Doctor John's, Inc. v. City of Sioux City*, 305 F. Supp. 2d 1022, 1043-44 (N.D. Iowa 2004); *see also Westfield High Sch. L.I.F.E. Club v. City of Westfield*, 249 F. Supp. 2d 98, 128-29 (D. Mass. 2003) (noting that "requiring a security bond … might deter others from exercising their constitutional rights").

In keeping with Local Rule 7.1(a), counsel for Plaintiffs conferred with the Office of the Colorado Attorney General about this motion via telephone on September 20, 2016. Deputy Attorney General Vincent Morscher indicated to Plaintiffs' counsel that he and Assistant Attorney General Jack D. Patten, III intend to appear as attorney of record in this case on behalf of Defendant Aubrey Elenis in her official capacity as Director of the Colorado Civil Rights Division; First Assistant Attorney General Eric Maxfield indicated to Plaintiffs' counsel that he intends to appear as attorney of record in this case on behalf of Defendants Anthony Aragon, Ulysses J. Chaney, Miguel "Michael" Rene Elias, Carol Fabrizio, Heidi Hess, Rita Lewis, and Jessica Pocock in their official capacities as member of the Colorado Civil Rights Commission, and First Assistant Attorney General LeeAnn Morrill indicated to Plaintiffs' counsel that she

6

intends to appear as attorney of record in this case on behalf of Defendant Cynthia H. Coffman in her official capacity as Colorado Attorney General. Attorneys for Defendants indicated that they were unable to state their position regarding Plaintiffs' motion at this time, but Plaintiffs' will notify the Court upon receiving Defendants' positions on the motion unless Defendants notify the Court directly. Accordingly, Plaintiffs' counsel filed the present motion with the Court.

Respectfully submitted this 20th day of September, 2016.

                                *s/ Jeremy D. Tedesco*

                                Jeremy D. Tedesco (Arizona Bar No. 023497)
                                Jonathan A. Scruggs (Arizona Bar No. 030505)
                                Samuel D. Green (Arizona Bar No. 032586)
                                Katherine L. Anderson (Arizona Bar No. 033104)
                                ALLIANCE DEFENDING FREEDOM
                                15100 N. 90th Street
                                Scottsdale, AZ 85260
                                (480) 444-0020
                                (480) 444-0028 (facsimile)
                                jtedesco@ADFlegal.org
                                jscruggs@ADFlegal.org
                                sgreen@ADFlegal.org
                                kanderson@ADFlegal.org

                                David A. Cortman (Georgia Bar No. 188810)
                                Rory T. Gray (Georgia Bar No. 880715)
                                ALLIANCE DEFENDING FREEDOM
                                1000 Hurricane Shoals Road, NE, Suite D-1100
                                Lawrenceville, GA 30043
                                (770) 339-0774
                                (770) 339-6744 (facsimile)
                                dcortman@ADFlegal.org
                                rgray@ADFlegal.org
                                Attorneys for Plaintiffs

Michael L. Francisco (Colorado Bar No. 39111)
MRD Law
3301 West Clyde Place
Denver, CO 80211
(303) 325-7843
(303) 723-8679 (facsimile)
MFL@MRDlaw.com

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on September 20th, 2016, the foregoing was filed with the Clerk of Court using the CM/ECF system. This Plaintiffs' Motion for Preliminary Injunction will be served along with the Complaint and Summons via process server to all defendants.

*s/ Jeremy D. Tedesco*

Jeremy D. Tedesco (Arizona Bar No. 023497)
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020
(480) 444-0028 (facsimile)
jtedesco@ADFlegal.org