IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02372-MSK-CBS

303 CREATIVE LLC, a limited liability company; and
LORIE SMITH,

      Plaintiffs,

v.

AUBREY ELENIS, Director of the Colorado Civil Rights
Division, in her official capacity;
ANTHONY ARAGON,
ULYSSES J. CHANEY,
MIGUEL "MICHAEL" RENE ELIAS,
CAROL FABRIZIO,
HEIDI HESS,
RITA LEWIS, and
JESSICA POCOCK, as members of the Colorado Civil Rights
Commission, in their official capacities, and
CYNTHIA H. COFFMAN, Colorado Attorney General, in her official capacity;

      Defendants.

---

## DEFENDANTS' MOTION TO DISMISS VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

---

**COME NOW** Defendants, by and through counsel, and pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6) and 8, who move to dismiss all claims asserted in Plaintiffs' Verified Complaint for Declaratory and Injunctive Relief (# 1) for lack of subject matter jurisdiction and failure to state a claim.

Defendants certify, pursuant to D.C. Colo. L. Civ. R. 7.1(A), that undersigned counsel conferred with Plaintiff's counsel regarding the relief sought in this motion.  Plaintiffs oppose the motion in its entirety.

## INTRODUCTION

Plaintiffs seek the Court's permission to discriminate against same-sex couples in services provided to all other members of the general public.  Based on a lack of subject matter jurisdiction, Plaintiffs' failure to state a claim and the Complaint's failure to abide by Fed. R. Civ. P. 8, the Court should decline to entertain this request and dismiss the Complaint.

## FACTS

### 1.  Colorado's Public Accommodation Law.

Colorado's statutes on public accommodation fall under the Colorado Anti-Discrimination Act (CADA) §§24-34-301 to -804, C.R.S. (2016).  Under the law, it is a discriminatory practice and unlawful for a person to refuse, based on sexual orientation, "the full and equal enjoyment of the . . . services . . . of a place of public accommodation."  § 24-34-601(2)(a), C.R.S.  **(# 1 ¶36)**.

People, who believe they were denied a public accommodation based on their protected class, may follow one of two different paths to seek a remedy.  The first option is to bring a civil action against the person in a state court for the county in which the violation occurred.  §24-34-602(1)(a), C.R.S. **(# 1 ¶54)**.  Either party has

2

the right to a jury trial and appeal of the final judgment.  §24-34-603, C.R.S.  *See also Arnold v. Anton Coop. Ass'n*, 293 P.3d 99, 103-104 (Colo. App. 2011) (holding that the county and district courts have concurrent jurisdiction over public accommodation claims).  Those who follow this path may not seek any relief from the Colorado Civil Rights Commission (Commission).  §24-34-602(3), C.R.S.

The other option is to file a charge of discrimination with the Colorado Civil Rights Division (Division) pursuant to §24-34-306(1)(a), C.R.S.  The Commission, a Commissioner, or the Colorado Attorney General may also file a charge alleging a discriminatory or unfair practice when any of them determine that "the alleged discriminatory or unfair practice imposes a significant societal or community impact."  §24-34-306(1)(b), C.R.S.  Once a charge is filed, the Division Director, with the assistance of staff, must conduct an investigation of the charge.  §24-34-306(2)(a), C.R.S.

After an investigation, the Director or designee must determine "whether probable cause exists for crediting the allegations of the charge."  §24-34-306(2)(b), C.R.S.  If she determines that probable cause does not exist, the Director dismisses the charge and provides notice that the charging party may either: (A) file an appeal to the Commission; or (B) file a civil action in district court.  §24-34-306(2)(b)(I), C.R.S.

If the Director finds probable cause, she provides the parties a written notice of such finding, and commences compulsory mediation.  §24-34-306(2)(b)(II), C.R.S.

3

If mediation fails, the Commission has the discretion to issue a notice and complaint to set a hearing before the Commission or an Administrative Law Judge, pursuant to §24-4-105, C.R.S. (the state Administrative Procedures Act). §24-34-305(d), §24-34-306(4) and (8), C.R.S. If it is found after hearing that a respondent engaged in a discriminatory practice, the Commission may order the respondent to cease and desist from the discriminatory practice, and "take such action as it may order in accordance with the provisions of" CADA. §24-34-306(9), C.R.S. (# 1 ¶¶49-50). Any party aggrieved by a final order of the Commission may seek judicial review in the Colorado Court of Appeals. §24-34-307(1) and (2), C.R.S.

2. The *Masterpiece Cakeshop* case.

Jack Phillips is a wedding cake baker who refused to bake a wedding cake for a same-sex couple based on his Christian beliefs and objection to same-sex marriage. *Craig v. Masterpiece Cakeshop, Inc.*, 370 P.3d 272, 277 (Colo. App. 2015); (# 1 ¶¶64-65). The couple filed a charge of discrimination with the Division alleging discrimination based on sexual orientation under CADA. *Id.* at 278. The Division investigated and issued a notice finding probable cause to credit the discrimination allegation. *Id.* A complaint was filed and an Administrative Law Judge found that Mr. Phillips's refusal of service violated CADA. *Id.* On review, the Commission affirmed the order, and on appeal, the Colorado Court of Appeals affirmed the Commission's decision. *Id.* at 277-78.

4

The Colorado Supreme Court denied certiorari on April 25, 2016.

*Masterpiece Cakeshop, Inc. v. Colorado Civil Rights Comm'n,* No. 15SC738 (Apr. 25, 2016). On July 22, 2016, Phillips filed a petition for writ of certiorari with the United States Supreme Court. *Masterpiece Cakeshop, Inc. v. Colorado Civil Rights Commission, et al.,* No. 16-111. Phillips and Masterpiece Cakeshop are represented by Alliance Defending Freedom, the same firm representing Plaintiffs in the instant matter. (# 5).

### 3. 303 Creative LLC and Lorie Smith.

Plaintiff's 303 Creative LLC and its owner, Lorie Smith, operate a business in Colorado that provides services to the public (# 1 ¶104). Plaintiffs would like to expand the business to design custom websites; however, that service is not yet available (# 1 ¶¶155-57). When the service is available to the public, Plaintiffs want to refuse this service to same-sex couples (# 1 ¶¶ 144, 172-175, 219). Plaintiffs' do not allege that Defendants have taken any action against Plaintiffs (# 1 ¶¶ 1-399).

## ARGUMENT

### 1. Plaintiffs fail to allege Fed. R. Civ. P. 12(b)(1) jurisdiction over all claims.

A. <u>Burden of proof</u>: Since this is a court of limited jurisdiction, it is presumed that no jurisdiction exists absent an adequate showing that federal jurisdiction should be invoked. *United State ex rel. Hafter v. Spectrum Emergency*

*Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999).  Plaintiffs are claiming

jurisdiction, therefore they carry the burden to show it by a preponderance of the

evidence.  *Id.*

      B.  <u>Elements</u>:  In order to satisfy the requirements for Article III

standing, Plaintiffs must show (i) an "injury in fact" that is concrete and

particularized, and actual or imminent, not conjectural or hypothetical; (ii) the

alleged injury must be fairly traceable to the challenged action of the defendant; (iii)

it must be likely, not merely speculative, that a favorable decision will redress the

injury.  *Friends of the Earth, Inc. v. Laidlaw Envtl. Services (TOC), Inc.*, 528 U.S.

167, 180-181 (2000).

      C.  <u>Elements not supported by Complaint</u>:

      **element (i) - injury**:  The Complaint does not allege an actual

injury caused by Defendants and only speculates as to what may happen *if*

numerous facts occur.  Specifically, those facts would have to be as follows: (1)

Plaintiffs make their wedding website service available to the public; (2) a person

attempts to obtain the service; (3) Plaintiffs' deny the service based on the person's

sexual orientation; (4) the person denied service files a charge of discrimination

with the Division; (5) the Division investigates the charge and the Director or

designee finds that there is probable cause to credit the charge; (6) mandatory

conciliation is attempted and fails; (7) the Commission decides to notice the case for

hearing; (8) an ALJ holds a hearing and rules against Plaintiffs; (9) the

6

Commission affirms the decision and orders Plaintiffs to cease and desist the discriminatory practice; and (10) the Plaintiffs exhaust their state appellate remedies. None of these ten facts have yet occurred; and the failure of any one step to occur would result in no injury to Plaintiffs.

Indeed, the Supreme Court recently restated its reluctance "to endorse standing theories that require guesswork as to how independent decisionmakers will exercise their judgment" because a "theory of standing, which relies on a highly attenuated chain of possibilities, does not satisfy the requirement that threatened injury must be certainly impending." *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1148 and 1150 (2013).

**element (ii) - action by Defendants**:  Plaintiffs do not allege an injury traceable to an action by Defendants. Defendants have not made any decisions that caused harm to Plaintiffs.

**element (iii) - favorable decision will address injury**:  Pursuant to §24-34-602(1)(a), C.R.S., any person who is denied a public accommodation may initiate their own independent civil action in state court without ever filing a charge with the Division. **(# 1, ¶54)**.  If a person does so, he or she is prohibited from filing a charge of discrimination with the Commission. *See* §24-34-602(3) ("relief provided by this section is an alternative to that authorized by section 24-34-306(9), and a person who seeks redress under this section is not permitted to seek relief from the commission.").  Therefore, an injunction against Defendants will not prevent

7

anyone from initiating an independent civil action against Plaintiffs to enforce CADA's public accommodation provisions with regard to sexual orientation.

### 2. The *Younger* doctrine merits abstention

A. <u>Burden of proof</u>: Since this is a court of limited jurisdiction, it is presumed that no jurisdiction exists absent an adequate showing that federal jurisdiction should be invoked. *United State ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999). Plaintiffs are claiming jurisdiction, therefore they carry the burden to show it by a preponderance of the evidence. *Id.*

B. <u>Elements</u>: The *Younger* doctrine, *Younger v. Harris*, 401 U.S. 37 (1971), provides "that federal courts not interfere with state court proceedings by granting equitable relief-such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings when such relief could adequately be sought before the state court." *See Rienhardt v. Kelley*, 164 F.3d 1296, 1302 (10th Cir. 1999). The Supreme Court has extended *Younger* abstention to include administrative proceedings to enforce state anti-discrimination laws. *See Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 625 (1986).

Under the *Younger* doctrine, federal courts must abstain from exercising jurisdiction when: (i) there is an ongoing state criminal, civil, or administrative proceeding, (ii) the state court provides an adequate forum to hear the claims

raised in the federal complaint, and (iii) the state proceedings "involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." A*manatullah v. Colo. Bd. of Med. Exam'rs,* 187 F.3d 1160, 1163 (10th Cir. 1999).  If these conditions are met, abstention is nondiscretionary and must be invoked.  *Id.*

      C.  <u>Elements not supported by Complaint</u>:

        **(i) – (iii)**:  The Complaint relies on the *Masterpiece Cakeshop* case to allege that Defendants would harm Plaintiffs based on how that case was adjudicated **(#1, ¶¶241, 256, 335, 340)**.  *Masterpiece Cakeshop* has not yet been fully adjudicated, and is pending before the United States Supreme Court on certiorari review **(# 5)**.  Therefore, an ongoing proceeding exists for which Plaintiffs allege harm.

    Colorado has a compelling interest in enforcing its public accommodation laws and, pursuant to state law, Plaintiffs' claims may be properly adjudicated in administrative forums and state courts if a complaint is ever filed.[1]  The United States Supreme Court has held that states have a compelling interest in

---

[1] Colorado's compelling interest in enforcing CADA and not subjecting persons participating in the process to liability is reflected in state law which provides that Commissioners and persons "participating in good faith in the making of a complaint or a report or in any investigative or administrative proceeding" authorized by CADA, "shall be immune from liability in any civil action brought against him for acts occurring while acting in his capacity as a commission member or participant." §24-34-306(13), C.R.S.

eliminating discrimination through use of public accommodation laws. *See e.g., Hurley v. Irish-American*, 515 U.S. 557, 572 (1995) (public accommodation laws "are well within the State's usual power to enact when a legislature has reason to believe that a given group is the target of discrimination...."); *see also Bd. of Dirs. of Rotary Int'l v. Rotary Club*, 481 U.S. 537, 549 (1987) (government had a compelling interest in eliminating discrimination against women in places of public accommodation); *Roberts v. United States Jaycees*, 468 U.S. 609, 628 (1984) ("acts of invidious discrimination in the distribution of publicly available goods, services, and other advantages cause unique evils that government has a compelling interest to prevent"); *Bob Jones Univ. v. United States*, 461 U.S. 574, 604 (1983) (government had a compelling interest in eliminating racial discrimination in private education).

> 3.   The *Rooker-Feldman* doctrine merits abstention.

A.   <u>Burden of proof</u>:  Since this is a court of limited jurisdiction, it is presumed that no jurisdiction exists absent an adequate showing that federal jurisdiction should be invoked.  *United State ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999).  Plaintiffs are claiming jurisdiction, therefore they carry the burden to show it by a preponderance of the evidence.  *Id.*

B. <u>Elements</u>:  The Tenth Circuit applies the *Rooker-Feldman* doctrine to federal claims actually decided by a state court, and federal claims inextricably intertwined with a state court judgment.  To discern whether the "inextricably intertwined" standard of the doctrine applies, the Court asks whether (i) the injury alleged by the federal plaintiff has resulted from the state court judgment itself or is distinct from that judgment, and whether (ii) the state-court judgment has caused, actually and proximately, the injury for which the federal-court plaintiff seeks redress.  *Merrill Lynch Bus. Fin. Servs. v. Nudell*, 363 F.3d 1072, 1076 (10th Cir. 2004).

C. <u>Elements not supported by Complaint</u>:

elements (i) – (ii):  The *Masterpiece Cakeshop* decision addressed the federal constitutional issues that are addressed in the Complaint.  **(# 1 ¶¶67-69; 72).**  Plaintiffs argue that they will suffer harm as a result of the decision.  **(#1, ¶¶241, 256, 335, 340).**  The Court should refuse to hear this case in light of this interest and the ongoing *Masterpiece Cakeshop* matter which was decided by the Colorado Court of Appeals on the same arguments made in the Complaint, and is currently pending before the United States Supreme Court on Plaintiffs' counsel's petition for writ of certiorari.  **(# 1 ¶¶63-72; # 5).**

11

4.    Colorado River doctrine merits abstention.

A.  <u>Burden of proof</u>:  Since this is a court of limited jurisdiction, it is presumed that no jurisdiction exists absent an adequate showing that federal jurisdiction should be invoked.  *United State ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999).  Plaintiffs are claiming jurisdiction, therefore they carry the burden to show it by a preponderance of the evidence.  *Id.*

B.  <u>Elements</u>:  The *Colorado River* doctrine permits a federal court to dismiss or stay a federal action in deference to pending parallel state court proceedings, based on "considerations of wise judicial administration, giving regarding to consideration of judicial resources and comprehensive disposition of litigation." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976); *Fox v. Maulding*, 16 F.3d 1079, 1080 (10th Cir. 1994).

The Court must determine whether the state court suit and federal suit are parallel, meaning that substantially the same parties litigate substantially the same issues in different forums.  *Id.* at 1081.  The Tenth Circuit's approach is to examine state proceedings as they actually exist to determine whether they are parallel to federal court proceedings.  *Id.*  Factors to consider include whether either court has assumed jurisdiction over property, desirability of avoiding piecemeal litigation, the order in which the courts obtained jurisdiction, the

12

progress of the two cases, which forum's substantive law governs the merits of the litigation, and the adequacy of the state forum to protect the rights of parties. *Id.* at.1081-1082.

    C.  <u>Elements not supported by Complaint</u>:

        **element (i):** As addressed above, the adequacy of the state courts and the *Masterpiece Cakeshop* case's progress through consideration by the United States Supreme court, merits abstention.

**5.    Plaintiffs have failed to state a claim under Fed. R. Civ. P. 12(b)(6) as to Defendants' authority and actions.**

    A.  <u>Burden of proof</u>: In order to state a claim under 42 U.S.C. § 1983, the complaint must allege facts which, if assumed to be true, would demonstrate that a defendant deprived plaintiff of a right secured by the United States Constitution or federal law while acting under color of state law. *Gaines v. Stenseng*, 292 F.3d 1222, 1225 (10th Cir. 2002) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970) ("emphasizing that a § 1983 plaintiff must prove the defendant deprived him of a right secured by the Constitution and laws of the United States"). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff must plead facts that allow "the court to draw the reasonable inference that the defendant is liable for the

13

misconduct alleged." *Id*. The allegations must "permit the court to infer more than the mere possibility of misconduct." *Id*. at 679.

"Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. at 678 (quoting *Twombly*, 550 U.S. at 557). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

The 12(b)(6) analysis has two prongs. First, the court identifies and disregards "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Iqbal,* 556 U.S. at 680. Otherwise, every motion to dismiss could be defeated by "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678. Second, the Court considers the remaining factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. Where a plaintiff cannot assert a valid claim for relief, a court should not waste its valuable time and resources considering the matter. *Twombly*, 550 U.S. at 558.

"Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Schneider v. City of Grand Junction Police*

14

*Dep't,* 717 F.3d 760, 768 (10th Cir. 2013) (citing *Foote v. Speigel,* 118 F.3d 1416, 1423 (10th Cir. 1997)).  More specifically, "[b]ecause vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal,* 556 U.S. at 676.

The *Iqbal* standard has "greater bite" in the "context of a § 1983 claim against individual government actors, because 'they typically include complex claims against multiple defendants.'" *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011) (citations omitted).  Where several government actors are named as defendants, "it is particularly important ... that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state.'" *Robins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original).  Further, "the plaintiff's facile, passive-voice showing that his rights 'were violated' will not suffice.  Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that 'defendants' infringed his rights. ...  Rather, it is incumbent upon a plaintiff to identify *specific* actions taken by *particular* defendants ...." *Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013) (internal citations and quotation marks omitted, emphasis in original).

15

B.  <u>Elements</u>:  In order to establish a claim under 42 U.S.C. §1983, Plaintiffs must show: (i) there was a violation of rights protected by the federal Constitution or created by federal statute or regulation, (ii) proximately caused, (iii) by the conduct of a 'person' (iv) who acted under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." *Summum v. City of Ogden*, 297 F.3d 995, 1001 (10th Cir. 2002).

C.  <u>Elements not supported by Complaint</u>:

**elements (i)-(iv)**:  The Complaint inaccurately describes Defendants' actual authority and power, and in doing so, fails to demonstrate that Defendants violated or will violate Plaintiffs' rights.

The Complaint names three groups of Defendants: the Director of the Division, the Commission's members, and the Attorney General. **(# 1, ¶¶25-27)**.  It alleges that the Director's authority stems from §§24-34-302 and 306, C.R.S. **(#1, ¶25)**, the Commission's authority stems from §§24-34-305, 306 and 605, C.R.S. **(# 1, ¶26)**, and the Attorney General's authority stems from §24-34-306, C.R.S. **(# 1, ¶27)**.

Despite the plain language of the statutes, Plaintiffs assert that all three groups of Defendants have the exact same authority under CADA, including: investigate charges of discrimination **(# 1, ¶42)**, determine whether probable cause exists for crediting charges **(# 1, ¶43)**, hold hearings **(# 1, ¶44)**, issue subpoenas **(# 1, ¶45)**, compel mediation **(# 1, ¶46)**, determine whether the individual or business

16

under investigation violated CADA (#1, ¶47), issue notices of a right to sue (# 1, ¶48), issue cease and desist orders (# 1, ¶49), issue orders requiring parties to take specific actions (# 1, ¶50).

The Complaint misstates Defendants' legal authority by alleging that all Defendants either have certain enforcement powers or have taken specific actions based on their powers that have or will harm Plaintiffs (# 1 ¶¶ 227-229; 255-265; 276-278; 284; 289; 306-307; 309-314; 324-326; 333-337; 339-342; 353-355; 358; 360; 365-369; 397). Finally, the Prayer For Relief erroneously lumps all Defendants together based on their alleged authority (# 1 p.59, ¶¶1, 3).

Each Defendant has different, separate and unique obligations and/or options they may initiate under CADA, that are contrary to what is alleged in the Complaint. As a result, Defendants conduct has not harmed Plaintiffs.

The Director and Division staff investigates charges of discrimination, issue subpoenas to compel information, issue a determination of probable cause or no probable cause, and conduct mandatory conciliation if cause is found, or dismiss if no cause is found. §§24-34-306(1) and (2), C.R.S.; *Demetry v. Colorado Civil Rights Commission*, 752 P.2d 1070, 1071 (Colo. App. 1988). The Division's investigation is merely preparatory to further proceedings and if cause is found, rights and obligations of parties are fixed at a *de novo* proceeding. *Id.* at 1072. These preliminary proceedings are, therefore, without legal effect until suit is brought. *Id.* The sufficiency of an investigation or the evidence underlying an agency's

17

findings of discrimination cannot be challenged in the *de novo* hearing.  *E.E.O.C. v. Keco Indust. Inc.*, 748 F.2d 1097 (6th Cir. 1984); *AT&T Technologies Inc. v. Royston*, 772 P.2d 1182, 1186 (Colo. App. 1989) (the Director's findings of probable cause or no probable cause are not quasi-judicial rulings, only administrative determinations reached without the benefit of an adversarial hearing, and the rulings are not binding).

The Complaint alleges that actions taken by the Division Director in three different public accommodation cases caused harm to Plaintiffs for which they are entitled to relief.  The Complaint references three charges of discrimination based on creed against bakeries that declined to produce cakes with religious messages and anti-same sex marriage messages **(# 1 ¶¶ 73-84)**.  The Complaint seeks relief based on a belief that decisions made in these matters harmed Plaintiffs **(# 1 ¶¶ 241-242; 256-259; 313-314; 335; 340)**.  These matters resulted in no-probable cause determinations by the Director and no further action was taken **(# 1 ¶80)**.[2]

The Director's finding of no probable cause in these matters was not a quasi-judicial ruling, only an administrative determination reached without the benefit of

---

[2] The Commission and Division are prohibited by law to disclose any information about matters, such as these, that have not been made public by noticing them for a hearing.  §24-34-306(3), C.R.S. However, since the decisions were addressed in *Masterpiece Cakeshop*, 370 P.2d at 282, n.8, they are addressed for the limited purpose of this Motion.

an adversarial hearing, and it is not binding. *AT&T Technologies Inc.*, 772 P.2d at 1186. These decisions have no binding precedent or effect on other persons.

Contrary to Plaintiffs' allegations, the Director has no authority to take action against a person about whom a charge of discrimination is filed. She may only process the charge, investigate, make a finding and, if she finds cause, attempt conciliation. §§24-34-306(1) and (2), C.R.S. Since Plaintiffs' misstate the Director's authority to take the actions alleged in the Complaint, Plaintiffs cannot show any conduct by the Director to deprive Plaintiffs of any right.

The Commission's authority as it relates to the Complaint's allegations only comes into play after the Division's investigation, determination, and failure of conciliation, and only if, in its discretion, it decides to notice a case for hearing. §§ 24-34-305(d) and 24-34-306. The Commission is the quasi-judicial body that reviews evidence, considers arguments, and renders a decision under the administrative procedures act. §§24-4-105 and 24-34-306(9). The Commission has taken no action to deprive Plaintiffs of any right. Therefore, Plaintiffs fail to state a claim against the Commission members.

The Attorney General has very limited interaction with CADA's public accommodation provision. CADA's general section provides that the Attorney General may file a charge alleging a discriminatory or unfair practice when she determines "the alleged discriminatory or unfair practice imposes a significant societal or community impact." §24-34-306(1)(b). CADA's public accommodation

19

statute, §24-34-601, *et seq.*, does not mention the Attorney General at all. Plaintiffs' misstate the Attorney General's authority to take the actions alleged in the Complaint. Therefore, they cannot show any conduct that has or will be taken by the Attorney General to deprive Plaintiffs of any right.

### 6. Plaintiffs have failed to state a claim under Fed. R. Civ. P. 8.

A. <u>Burden of proof</u>: A complaint must satisfy Rule 8 and a failure to do so can supply a basis for dismissal since Rule 41(b) specifically authorizes a district court to dismiss an action for failing to comply with any aspect of the Federal Rules of Civil Procedure. *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1161 (10th Cir. 2007).

B. <u>Elements</u>: Fed. R. Civ. P. 8(a) states that a complaint shall contain (i) "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(d)(1) states that (ii) each "allegation must be simple, concise, and direct." When a complaint does not comply with Rule 8, the district court has the authority to dismiss the complaint. "A dismissal without prejudice under Rule 8 is within the sound discretion of the trial court." *Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992) (citations omitted).

C. <u>Elements not supported by Complaint</u>:

**elements (i) and (ii)** : Plaintiffs' Complaint is 61 pages long containing 399 paragraphs, many of which are redundant. The Complaint contains 15 paragraphs that reference the Bible or Bible passages, without ever referencing

20

which version of the Bible Plaintiffs are citing.[3]  *See e.g., Ellis v. State*, U.S. Dist.

LEXIS 17131, 4-5 (N.D. Ill. Nov. 3, 1992) (noting that plaintiff's complaint violated

Rule 8, in part, because it was "interspersed with religious pleas to defendants . . .

and quotes from the Bible."), *Seehausen v. Gonzalez,* 2012 U.S. Dist. LEXIS 85022,

4-5 (C.D. Cal. May 8, 2012) (dismissing plaintiff's complaint in part for violating

Rule 8 because it contained "disquisitions from the Bible.").  Defendants should not

be required to admit what an unidentified version of the Bible does or does not

contain, and they certainly should not be required to either admit or deny the truth

of what is said in the Bible.

Defendants request that the Complaint be dismissed for failure to abide by

Fed. R. Civ. P. 8.

## STAY OF PROCEEDINGS

If this Court denies Defendants' motion to dismiss, then it should stay these

proceedings in light of the pending petition for certiorari in the *Masterpiece*

case.  The United States Supreme Court has expressed a strong preference to avoid

a multiplicity of suits challenging the same law through requests for declaratory

and injunctive relief.  *See Abbott Labs. v. Gardner*, 387 U.S. 136 (1967).  When

multiple suits are filed addressing the same law, "actions in all but one jurisdiction

might be stayed pending the conclusion of one proceeding."  *Id.* at 155.  "A court

---

[3] *See* https://www.bible.com/versions, listing 49 English versions of the Bible and
hundreds of other versions.

may even in its discretion dismiss a declaratory judgment or injunctive suit if the same issue is pending in litigation elsewhere." *Id.* Further, if "a multiplicity of suits are undertaken in order to harass the Government or to delay enforcement, relief can be denied on this ground alone. *Id.*

The power to stay a proceeding "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Diamond v. Vickery*, 2013 U.S. Dist. LEXIS 20013, *2, 12-cv-01891-MSK (D. Colo. Feb. 14, 2013) (quoting *Landis v. North Am Co.*, 299 U.S. 248, 254 (1930)). "Federal courts have relied upon this principle to stay proceedings in which similar or identical litigation was simultaneously pursued in another court." *Id.* (citing *In re Kozeny* 236 F.3d 615 (10th Cir. 2000); *Ventura v. David's Bridal*, 248 F.3d 1139 (5th Cir. 2001); *Colo. River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976).) Proceeding in this case before the Supreme Court rules on the ADL's petition for certiorari in *Masterpiece* raises the possibility of this Court issuing an opinion that could be at odds with that of the Supreme Court, and thus advisory.

## CONCLUSION

Plaintiffs lack standing to bring this action because they cannot show they suffered an injury in fact, based on Defendants' actions, which an injunction would remedy. The only matter for which Plaintiffs could possibly allege to have some

22

impact on their rights in the future, *e.g.* enforcement of the *Masterpiece Cakeshop*
decision, is pending certiorari review before the United States Supreme Court, and
is not final.  Moreover, the Complaint generalizes the enforcement powers of all
Defendants, contrary to law.  Plaintiffs have, therefore, failed to state claims
against Defendants.  Finally, the Complaint fails to meet the pleading requirements
of Rule 8.  Based on the arguments in this Motion, the Complaint should be
dismissed.

Respectfully submitted this 19th day of October, 2016.


*s/ Vincent Edward Morscher*
VINCENT EDWARD MORSCHER*
JACK D. PATTEN, III*
Deputy Attorney General
Assistant Attorney General

Civil Litigation and Employment Law Section
Attorneys for Defendants Elenis and Coffman

ERIC MAXFIELD*
LEANNE B. DE VOS*
First Assistant Attorney General
Senior Assistant Attorney General

Business and Licensing Section
Attorneys for Defendants Aragon, Chaney,
Elias, Fabrizio, Hess Lewis and Pocock

23

1300 Broadway, 10th floor
Denver, CO 80203
Telephone: (720) 508-6588
Fax: (720) 508-6032
E-Mail: vincent.morscher@coag.gov
        jack.patten@coag.gov
        eric.maxfield@coag.gov
        leanne.devos@coag.gov
*Counsel of Record

**<u>CERTIFICATE OF SERVICE</u>**

I certify that I served the foregoing DEFENDANTS' MOTION TO DISMISS

VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF upon

all parties herein by e-filing with the CM/ECF system maintained by the court or by

depositing copies of same in the United States mail, first-class postage prepaid, at

Denver, Colorado, this 19th day of October, 2016, addressed as follows:

**Jeremy David Tedesco**
**Jonathan Andrew Scruggs**
**Samuel David Green**
**Katherine Leone**
**Anderson**
Alliance Defending Freedom-Scottsdale
15100 North 90th St., Suite 165
Scottsdale, AZ 85260
(480) 444-0020
Fax: (480)444-0028
Email:jtedesco@ADFlegal.org
jscruggs@ADFlegal.org
sgreen@ADFlegal.org
kanderson@ADFlegal.org

**Rory Thomas Gray**
**David Andrew Cortman**
Alliance Defending Freedom- Lawrenceville
1000 Hurricane Shoals Rd., NE Suite D-1100

**Michael L. Francisco**
MRD Law
3301 West Clyde Place
Denver, CO 80211
(303) 325-7843
Fax: (303) 723-8679
Email: MLF@mrdlaw.com

Lawrenceville, GA 30043
(770) 339-0774
Fax: (770) 339-6744
Email: rgray@adflegal.org
dcortman@alliancedefendingfreedom.org

s/ *Vincent E. Morscher*