FILED
United States Court of Appeals
Tenth Circuit

August 14, 2018

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

303 CREATIVE LLC, a limited liability company; LORIE SMITH,

    Plaintiffs - Appellants,

v.

AUBREY ELENIS, Director of the Colorado Civil Rights Division, in her official capacity; ANTHONY ARAGON, member of the Colorado Civil Rights Commission, in his official capacity; ULYSSES J. CHANEY, member of the Colorado Civil Rights Commission, in his official capacity; MIGUEL RENE ELIAS, member of the Colorado Civil Rights Commission, in his official capacity; CAROL FABRIZIO, member of the Colorado Civil Rights Commission, in her official capacity; HEIDI HESS, member of the Colorado Civil Rights Commission, in her official capacity; RITA LEWIS, member of the Colorado Civil Rights Commission, in her official capacity; JESSICA POCOCK, member of the Colorado Civil Rights Commission, in her official capacity; CYNTHIA H. COFFMAN, Colorado Attorney General, in her official capacity,

    Defendants - Appellees.

-----------------------------------------------------

CENTER FOR CONSTITUTIONAL JURISPRUDENCE; AMERICAN CIVIL LIBERTIES UNION; AMERICAN CIVIL LIBERTIES UNION OF COLORADO,

No. 17-1344
(D.C. No. 1:16-CV-02372-MSK-CBS)
(D. Colo.)

Amici Curiae.

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **KELLY**, and **MORITZ**, Circuit Judges.
_____

Plaintiffs 303 Creative LLC and Lorie Smith sued various Colorado officials (collectively, the state) to preempt them from enforcing certain parts of the Colorado Anti-Discrimination Act (CADA), Colo. Rev. Stat. § 24-34-601. The plaintiffs say the CADA interferes with their plan to design wedding websites for opposite-sex— but not same-sex—couples. Although there are some pertinent differences, the facts and legal issues in this case overlap substantially with those in *Masterpiece Cakeshop, Ltd. v. Colorado Civil Rights Commission*, 138 S. Ct. 1719 (2018), which the Supreme Court recently decided.

The plaintiffs in this case moved for a preliminary injunction below. The district court suggested it expedite the litigation by ruling on summary judgment in conjunction with the preliminary injunction based on stipulated facts. The parties agreed. The district court then issued an order dismissing several of the plaintiffs' claims for lack of standing. And it decided not to reach the merits of the plaintiffs'

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument wouldn't materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

remaining claims while *Masterpiece Cakeshop* was pending before the Supreme Court. It explained:

> The parties have agreed that the case is at issue and that the Preliminary Injunction Motion and Motion for Summary Judgment should be determined together in resolution of the matters in dispute on the merits. Although the [p]laintiffs have standing to challenge [part of the CADA], the [c]ourt declines to rule on the merits due to the pendency of *Masterpiece Cakeshop* . . . before the United States Supreme Court. As noted, the factual and legal similarities between *Masterpiece Cakeshop* and this case are striking. It is likely that a determination by the Supreme Court will either guide determination of or eliminate the need for resolution of the issues in this case . . . .
>
> Further, the [c]ourt finds that the parties will not be prejudiced by delay in resolution of the issues in this case. The [p]laintiffs are not currently offering to build wedding websites, and no evidence has been presented to show that their financial viability is threatened if they do not begin offering to do so. Thus, the [c]ourt denies the Motions for Preliminary Injunction and Summary Judgment with leave to renew after ruling by the United States Supreme Court in *Masterpiece Cakeshop*.

App. vol. 3, 375.

The plaintiffs appealed this order. The state moved to dismiss this appeal for lack of appellate jurisdiction. We reserved judgment on that motion and the parties proceeded with their merits briefing. Then, while this appeal was pending, the Supreme Court announced its decision in *Masterpiece Cakeshop*. We ordered supplemental briefing on how that decision both affected our appellate jurisdiction and the merits of this appeal.

Meanwhile, the plaintiffs renewed their motions for a preliminary injunction and summary judgment in the district court, as the district court invited them to do in its original order. The district court also ordered supplemental briefing addressing

*Masterpiece Cakeshop*. The parties submitted their supplemental briefs to the district court the same day they submitted their supplemental briefs to us.

In light of these developments, we now rule on the state's pending motion to dismiss.

Ordinarily, we only have jurisdiction to hear appeals from final orders in the district court. *See* 28 U.S.C. § 1291. But the plaintiffs argue we have jurisdiction in this case under 28 U.S.C. § 1292(a)(1), which grants us jurisdiction over certain interlocutory orders, including those that "refus[e] . . . injunctions." As they see it, the district court's order both expressly and effectively refused their preliminary-injunction request, so it's appealable under § 1292(a)(1). The state urges us to view the order as a temporary stay that isn't subject to appeal, especially now that the stay has expired.

Although we recognize that the district court used the word "denies" in reference to the plaintiffs' motion for a preliminary injunction, App. vol. 3, 375, we agree with the state that the order is properly characterized as a stay, *see Forest Guardians v. Babbitt*, 174 F.3d 1178, 1185 n.11 (10th Cir. 1999) ("The labels of the plaintiff and the district court cannot be dispositive of whether an injunction has been requested or denied."). After all, the district court expressly declined to reach the merits of the plaintiffs' arguments and granted the plaintiffs leave to renew their motion once the Supreme Court decided *Masterpiece Cakeshop*. Nevertheless, the plaintiffs argue that we had appellate jurisdiction while the stay was in effect to the extent that the stay "had the 'practical effect' of refusing [the] plaintiffs' injunction."

*Forest Guardians*, 174 F.3d at 1185 (quoting *Carson v. Am. Brands, Inc.* 450 U.S. 79, 84 (1981)). But even if this court initially had jurisdiction, the stay has since expired, and the appeal is now moot. *See Video Tutorial Servs., Inc. v. MCI Telecomm. Corp.*, 79 F.3d 3, 5 (2d Cir. 1996) ("An interlocutory appeal from a temporary stay no longer in effect . . . is the paradigm of a moot appeal.").

Moreover, even if we were to read the district court's order as refusing the injunction, the district court effectively vacated that order upon the Supreme Court's decision in *Masterpiece Cakeshop*, and it now appears ready to reconsider the plaintiffs' motion for a preliminary injunction. Thus, this appeal is moot regardless of how we interpret the district court's order. *See Primas v. City of Okla. City*, 958 F.2d 1506, 1513 (10th Cir. 1992) (dismissing interlocutory appeal as moot because district court vacated order appealed from). The plaintiffs' actions below in renewing their preliminary-injunction motion and filing supplemental briefing in support of it are inconsistent with any argument to the contrary. Accordingly, we conclude that we lack jurisdiction under § 1292(a)(1) to review the plaintiffs' preliminary-injunction motion.

The plaintiffs also seek to appeal the portion of the district court's order dismissing some of their claims for lack of standing.[1] They argue we have pendent appellate jurisdiction over this part of the order. *See Berrey v. Asarco Inc.*, 439 F.3d 636, 647 (10th Cir. 2006) ("It is appropriate to exercise pendent appellate jurisdiction

---

[1] The plaintiffs initially appealed the portion of the district court's order denying (pending *Masterpiece Cakeshop*) summary judgment as well. But they abandoned this part of their appeal in their supplemental brief.

. . . where resolution of the appealable issue necessarily resolves the nonappealable issue, or where review of the nonappealable issue is necessary to ensure meaningful review of the appealable one."). But because we lack appellate jurisdiction over the portion of the order staying the preliminary-injunction motion, we cannot exercise pendent jurisdiction over any other part of the order. *See Shinault v. Cleveland Cty. Bd. of Cty. Comm'rs*, 82 F.3d 367, 371 (10th Cir. 1996). And because the plaintiffs don't assert an alternative basis for us to review the partial dismissal, we dismiss the plaintiffs' appeal in its entirety. *See EEOC v. PJ Utah, LLC*, 822 F.3d 536, 542 n.7 (10th Cir. 2016) (explaining appellant has burden of establishing appellate jurisdiction).

Therefore, even assuming we once had jurisdiction to hear this appeal, we conclude it is now moot. Accordingly, we grant the state's motion to dismiss this appeal for lack of jurisdiction.

                                            Entered for the Court

                                            Nancy L. Moritz
                                            Circuit Judge