**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:16-cv-02372-MSK-CBS

303 CREATIVE LLC, a limited liability company; and
LORIE SMITH,

    *Plaintiffs*,

vs.

AUBREY ELENIS, Director of the Colorado Civil Rights
Division, in her official capacity;
ANTHONY ARAGON;
ULYSSES J. CHANEY;
MIGUEL "MICHAEL" RENE ELIAS;
CAROL FABRIZIO;
HEIDI HESS;
RITA LEWIS; and
JESSICA POCOCK, as members of the Colorado Civil Rights
Commission, in their official capacities; and
CYNTHIA H. COFFMAN, Colorado Attorney General,
in her official capacity;

    *Defendants*.

**PLAINTIFFS 303 CREATIVE LLC AND LORIE SMITH'S RESPONSE TO SHOW
CAUSE ORDER**

Plaintiffs Lorie Smith and 303 Creative LLC (collectively Lorie) moved for a preliminary injunction and summary judgment to stop Colorado from applying the Colorado Anti-Discrimination Act ("CADA") to compel her to create websites with objectionable content, ban her from posting a religiously motivated statement on her website, and target her faith for punishment. This Court denied both motions on May 17, 2019, and ordered Lorie to show cause why final judgment should not be entered in Colorado's favor. Op. and Order

1

Denying Mot. for Prelim. Inj. and Mot. for Summ. J. 26, ECF No. 72 ("Op. and Order"). In response, Lorie asks that this Court analyze the merits of Lorie's challenges to both the Accommodation Clause and the Communication Clause before entering final judgment.

This course is proper for two reasons. First, this Court should analyze and not assume the constitutionality of the Accommodation Clause or the illegality of Lorie's desired statement based on that assumption. Courts have repeatedly declined to assume constitutionality in this way. *See Hous. Opportunities Made Equal, Inc. v. Cincinnati Enquirer, Inc.*, 943 F.2d 644, 651 n.9 (6th Cir. 1991) ("When analyzing the constitutional protections accorded a particular commercial message, a court starts with the content of the message and not the label given the message under the relevant statute" otherwise it "would foreclose a court from ever considering the constitutionality of particular commercial speech because the statute would label such speech illegal.") (citing *Bigelow v. Virginia*, 421 U.S. 809 (1975)); *BellSouth Telecomms., Inc. v. Farris*, 542 F.3d 499, 506 (6th Cir. 2008) ("The lawfulness of the activity does not turn on the existence of the speech ban itself; otherwise, all commercial speech bans would all be constitutional.").[1]

As Lorie and this Court acknowledged, the merits of the Accommodation Clause and the Communication Clause are intertwined. Op. and Order 6, 16-17; Pls.' Mot. for Summ. J. and Mem. in Supp. 16-17, ECF No. 48 ("Pls.' MSJ"); Pls.' Suppl. Br. regarding *Masterpiece*, *NIFLA*, and *Janus* 4, ECF No. 68 ("Pls.' Suppl. Br."). If Lorie has the constitutional right to decline to create objectionable websites, she has the constitutional right to state so publicly. But

---

[1] Lorie's desired statement is not commercial speech, but these cases illustrate that even in the commercial speech context courts will not assume that speech is illegal.

instead of analyzing whether Lorie can constitutionally decline to create objectionable website content, this Court *assumed* she could not. Op. and Order 6. Based on that assumption, this Court in turn assumed Lorie's desired statement seeks to engage in illegal discrimination. Op. and Order 16-17. But this was legal error.

And Lorie disputed those assumptions. Lorie has argued that her decision whether to create particular website content is not status discrimination but a content-based distinction that is constitutionally protected. Pls.' Suppl. Br. 1-2. Based on this point, Lorie has argued that her desired statement is constitutionally protected and thus legal. Pls.' Suppl. Br. 1-2; Pls.' MSJ 3-4, 49-51. Because Lorie disputed this Court's legal assumptions and because the merits of the Accommodation Clause and the Communication Clause are intertwined, this Court should evaluate whether the Accommodation Clause can compel Lorie to create objectionable website content in order to determine whether the Communication Clause can ban her desired statement. Indeed, courts regularly evaluate the merits of one provision when it is legally intertwined with another. *N.C. Right to Life, Inc. v. Bartlett*, 168 F.3d 705, 715 n.2 (4th Cir. 1999) (rejecting argument that plaintiffs have standing to challenge only one of two statutory provisions where the provisions were "inextricably intertwined").

Second, this Court failed to consider all of Lorie's Free Exercise arguments. Although this Court considered some of those arguments, this Court did not consider whether certain statements by members of the Colorado Civil Rights Commission (including past Commissioner Diane Rice) reveal hostility toward Lorie's religious beliefs on marriage. Op. and Order 20-25; *see also* Pls.' Suppl. Br. 2-4. The Supreme Court relied on these statements in *Masterpiece Cakeshop, Ltd. v. Colorado Civil Rights Commission* as proof of religious hostility. 138 S. Ct.

1719, 1729-30 (2018). But the Commission has yet to disavow those statements. And Colorado Commission members recently embraced those hostile statements when they met to discuss the *Masterpiece* decision at a recorded public hearing of the Commission. This recent embrace of hostile statements again proves the Commission's religious hostility toward beliefs like Lorie's. *See* Transcript of Proceedings of the Eleventh (2017-2018) Monthly Meeting before the Colorado Civil Rights Commission, Full Transcript, Except Executive Session, Transcribed from Audio Recordings 10:5-9 (June 22, 2018), attached here as Exhibit A (Commissioner Lewis: "I support Commissioner Diann Rice and her comments. I don't think she said anything wrong. And if this was 1950s, it would have a whole different look. So I was very disappointed by the Supreme Court's decision."); *see also* Audio Recording of the Eleventh (2017-2018) Monthly Meeting before the Colorado Civil Rights Commission (June 22, 2018), filed conventionally herewith as Exhibit B, and the Public Session Minutes of the Eleventh (2017-2018) Monthly Meeting before the Colorado Civil Rights Commission (June 22, 2018), attached here as Exhibit C.

It is proper for the Court to take judicial notice and consider this new evidence because it is a public record. *Moore v. Tulsa*, 55 F. Supp. 3d 1337, 1341 (N.D. Okla. 2014) (taking judicial notice of a public record based on the law that "[a] court may take judicial notice of 'matters that are verifiable with certainty'… includ[ing] public records") (quoting *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979)); *see also Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000), *abrogated on other grounds by McGregor v. Gibson.*, 248 F.3d 946 (10th Cir. 2001) ("[T]he Court is permitted to take judicial notice of its own files and records, as well as facts which are a matter

of public record."). The comments were made in the course of a public hearing of a government body—the Colorado Civil Rights Commission. *See* Aff. of Jacob P. Warner ¶ 6 ("Warner Aff."); *N. Arapaho Tribe v. Burwell*, 118 F. Supp. 3d 1264, 1280 n.7 (D. Wyo. 2015) (taking judicial notice of a letter submitted during notice-and-comment process for tribal action because it was a public record). They were produced by the Commission in separate litigation in the District of Colorado. *See* Warner Aff. ¶ 5, 7. As such, it is a matter of public record. *See* Exhibit B. In the alternative, this Court can exercise its broad discretion to supplement the record with this additional evidence as it is highly relevant to this Court's free exercise analysis. *Wilson v. Vill. of Los Lunas*, 572 Fed. Appx. 635, 638-39 (10th Cir. 2014) (recognizing court's broad discretion over requests to supplement).

In light of Lorie's past arguments and this recent transcript indicating religious hostility, this Court should evaluate whether Colorado can constitutionally apply CADA against Lorie to compel her to speak against her religious beliefs. If the Court declines to evaluate these two arguments, as requested, Lorie asks that this Court enter final judgment.

Respectfully submitted this 7th day of June, 2019.

*s/ Katherine L. Anderson*

Jeremy D. Tedesco (Arizona Bar No. 023497)
Jonathan A. Scruggs (Arizona Bar No. 030505)
Samuel D. Green (Arizona Bar No. 032586)
Katherine L. Anderson (Arizona Bar No. 033104)
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020
(480) 444-0028 (facsimile)

jtedesco@ADFlegal.org
jscruggs@ADFlegal.org
sgreen@ADFlegal.org
kanderson@ADFlegal.org

David A. Cortman (Georgia Bar No. 188810)
Rory T. Gray (Georgia Bar No. 880715)
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Road, NE, Suite D-1100
Lawrenceville, GA 30043
(770) 339-0774
(770) 339-6744 (facsimile)
dcortman@ADFlegal.org
rgray@ADFlegal.org

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on June 7, 2019, the foregoing was filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record. Additionally, a copy of Exhibit B, which is being filed conventionally, has been mailed to counsel via USPS.

| | |
|---|---|
| Jack D. Patten, III<br>Assistant Attorney General<br>Civil Litigation and Employment Law Section<br>1300 Broadway, 10th Floor<br>Denver, CO 80203<br>Telephone: (720) 508-6592<br>Fax: (720) 508-6032<br>jack.patten@coag.gov | Skippere Spear<br>Senior Assistant Attorney General<br>Tort Litigation<br>Civil Litigation and Employment Law Section 1300 Broadway, 10th Floor<br>Denver, CO 80203<br>Telephone: (720) 508-6635<br>Fax: (720) 508-6032<br>Skip.spear@coag.gov |
| Vincent E. Morscher<br>Deputy Attorney General<br>Civil Litigation and Employment Law Section<br>1300 Broadway, 10th Floor<br>Denver, CO 80203<br>Telephone: (720) 508-6588<br>Fax: (720) 508-6032<br>vincent.morscher@coag.gov | Billy Lee Seiber<br>Colorado Attorney General's Office<br>Ralph L. Carr Colorado Judicial Center<br>1300 Broadway<br>Denver, CO 80203<br>Telephone: (720) 508-6435<br>Fax: (720) 508-6037<br>Billy.seiber@coag.gov |

Attorneys for Defendants

*s/ Katherine L. Anderson*

Katherine L. Anderson
Arizona Bar No. 033104
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020
(480) 444-0028 Fax
kanderson@ADFlegal.org