# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:16-cv-02372-MSK

303 CREATIVE LLC, a limited liability company; and
LORIE SMITH,

    *Plaintiffs*,

vs.

AUBREY ELENIS, Director of the Colorado Civil Rights
Division, in her official capacity;
ANTHONY ARAGON,
ULYSSES J. CHANEY,
MIGUEL "MICHAEL" RENE ELIAS,
CAROL FABRIZIO,
HEIDI HESS,
RITA LEWIS, and
JESSICA POCOCK, as members of the Colorado Civil Rights
Commission, in their official capacities, and
CYNTHIA H. COFFMAN, Colorado Attorney General,
in her official capacity,

    *Defendants*.

---

## Motion for Attorneys' Fees and Costs and for an Extension of Filing Deadline

---

Under Federal Rule of Civil Procedure 54, Plaintiffs 303 Creative LLC and Lorie Smith (together "Smith") respectfully request that this Court issue an order declaring that they are the prevailing parties in this litigation, that they are entitled to an award of attorney's fees, expenses, and costs incurred during this litigation against Defendants ("Colorado"), and that they be given a 60-day

extension from the date of final judgment to file their motion for attorney fees and bill of costs and expenses. Smith conferred with Colorado's counsel who oppose this motion.

## Procedural Background

In September 2016, Smith filed this lawsuit challenging the Accommodation and Communication Clauses of Colorado's Anti-Discrimination Act ("CADA"). She alleged that these Clauses violated her First and Fourteenth Amendment rights by coercing her to design custom websites celebrating a view of marriage she did not believe and by prohibiting her from explaining her reasons for only creating content consistent with her beliefs. Verified Compl. ¶¶ 205–398, ECF No. 1. She sought to prevent Colorado from enforcing CADA against her as applied to her custom wedding website designs and statements about those designs. The lawsuit raised questions under 42 U.S.C. § 1983 and requested relief under 28 U.S.C. §§ 2201–2202, along with costs, expenses, and reasonable attorneys' fees under 42 U.S.C. § 1988. Verified Compl. at ¶¶16–19); *id.* at Prayer for Relief ¶¶ 1–9.

Simultaneously with the complaint, Smith filed a preliminary-injunction motion. Colorado vigorously contested both filings, opposing the preliminary-injunction motion and also moving to dismiss. The district court heard both motions in early 2017. At that hearing, the parties agreed that no factual disputes existed, and the court ordered Smith to seek summary judgment, consolidating that with the other pending motions. Law and Mot. Hr'g Tr. 9:8–13:2, ECF No. 47. Smith did so.

In September 2017, this Court partially granted Colorado's motion to dismiss and denied Smith's motions. Order, ECF No. 52. The Court dismissed Smith's

Accommodation Clause claims for lack of standing. *Id.* The Court concluded Smith had standing for her Communication Clause claims, yet declined to resolve those claims until the Supreme Court decided *Masterpiece Cakeshop, Ltd. v. Colorado Civil Rights Commission (Masterpiece I)*, 138 S. Ct. 1719 (2018). *Id.* Smith filed an interlocutory appeal that the U.S. Court of Appeals for the Tenth Circuit dismissed for insufficient jurisdiction because this Court lifted its stay after *Masterpiece I*. *303 Creative LLC v. Elenis*, 746 F. App'x 709 (10th Cir. 2018).

In May 2019, this Court issued a second order. It denied Smith's summary-judgment motion as to the Communication Clause and ordered her to explain why it shouldn't enter final judgment against her. Order, ECF No. 72. This Court held that the Communication Clause did not violate the First Amendment by limiting Smith's ability to publish her reasons for declining to create content celebrating a view of marriage she did not believe. *Id.* In September 2019, this Court issued summary judgment against Smith and entered final judgment for Colorado. Order & Final Judgment, ECF Nos. 79–80.

Smith appealed to the Tenth Circuit again. That court held that Smith had standing to challenge both Clauses—the Accommodation and Communication Clauses. *303 Creative v. Elenis*, 6 F. 4th 1160, 1175 (10th Cir. 2021). But a majority of the panel rejected Smith's First and Fourteenth Amendment claims on the merits. *Id.* at 1183, 1188–90.

Smith filed a petition for certiorari, which the U.S. Supreme Court granted as to Smith's First Amendment free-speech claim. On June 30, 2023, the Court reversed the Tenth Circuit's judgment. *303 Creative v. Elenis*, 143 S. Ct. 2298 (2023). On August 1, 2023, the Supreme Court issued its judgment, ordering that Smith recover costs from Colorado. Order, *303 Creative*, No. 21-476 (U.S. Aug. 1,

2023). And on August 9, 2023, the Tenth Circuit recalled this Court's mandate and vacated the judgment. Order, *303 Creative LLC v. Elenis*, No. 19-1413 (10th Cir. Aug. 9, 2023), ECF No. 010110900674.

Because the Supreme Court effectively reversed the Tenth's Circuit's decision, this is the first time that Smith has been able to request an award of attorneys' fees, expenses, and costs. Contemporaneous with this motion, Smith has filed a Motion for Attorney Fees and previously filed a Verified Bill of Costs with the Tenth Circuit, asking that court to declare Smith a prevailing party and remand to this Court for a calculation of fees, expenses, and costs, and entry of judgment against Colorado. Out of an abundance of caution, and to avoid any potential prejudice, Smith files this motion with this Court to preserve her right to seek attorney fees, expenses, and costs after the Tenth Circuit remands this matter to this Court and after this Court enters an injunction, declaratory relief, and final judgment in Smith's favor.[1]

**Legal Basis for Attorneys' Fees**

Smith seeks to recover attorneys' fees, costs, and expenses under 42 U.S.C. § 1988 and Federal Rule of Civil Procedure 54. *See* § 1988(b) ("In any action or proceeding to enforce … [Section 1983], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs …"). While courts have discretion, the Supreme Court has stated that

---

[1] To be sure, motions for fees and costs aren't due until after the district court enters final judgment. But this motion is filed out of an abundance of caution and to avoid any possible dispute over timing of the request for attorney fees, expenses, and costs based on the Supreme Court's issuance of its own "judgment" on August 1, 2023.

4

plaintiffs in civil-rights cases "should ordinarily recover an attorney's fee" when they prevail. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983).

Here, it is indisputable that Smith qualifies as the prevailing party under 42 U.S.C. § 1988(b) because she "succeeded on [a] significant issue in litigation which achieved some of the benefit [she] sought in bringing suit." *Kan. Judicial Watch v. Stout*, 653 F.3d 1230, 1235 (10th Cir. 2011) (cleaned up).

Smith did just that. The Supreme Court held that Colorado could not apply the Accommodation Clause against Smith to force her to "speak in ways that align with [the state's] view but defy her conscience." *303 Creative*, 143 S. Ct. at 2321. Nor could Colorado prevent Smith from explaining her reasons for only creating content consistent with her beliefs through the Communication Clause. *Id.* at 2309 n.1, 2319. In accordance with this ruling, Smith will ask this Court to enter permanent injunctive and declaratory relief consistent with the Supreme Court's opinion.

In sum, Smith achieved her ultimate goal: prohibiting Colorado from enforcing CADA against her in a way that compelled her to create custom wedding website content that violated her beliefs about marriage or that restricted her from explaining those beliefs. To that end, the Supreme Court already awarded Smith the costs that she incurred in that Court.

## Conclusion

Once this Court enters an injunction, declaratory relief, and final judgment in Smith's favor after remand from the Tenth Circuit, Smith respectfully requests that this Court also enter an order awarding her reasonable attorney fees, expenses, and costs pursuant to 42 U.S.C. § 1988, Federal Rule of Civil Procedure 54, and 28 U.S.C. § 1920. Specifically, Smith requests reasonable attorney fees, expenses, and

costs for the following:

- the district court litigation;
- the 2017 Tenth Circuit appeal;
- the 2019 Tenth Circuit appeal;
- the Supreme Court litigation; and
- litigation of this motion and appeals related to defense of a fee award.

Given the years of litigation and the many time entries involved, Smith's counsel has not yet finalized calculating all recoverable fees and costs incurred in this matter. But, given the need for "a fair estimate," Smith's counsel estimate fees, costs, and expenses to be approximately two million dollars. Fed. R. Civ. P. 54(d)(2)(B)(iii). Given the preliminary posture of this calculation, Smith's counsel reserves the right to update that number when the calculations become final.

Smith also requests a 60-day extension of time within which to file her motion for attorneys' fees and costs after this Court enters an injunction and declaratory relief in her favor and issues its final judgment. That proposed extension will not result in undue delay or prejudice, as it will allow Smith to refine the request for fees and costs and afford the parties sufficient time to consider and evaluate settlement discussions.

Respectfully submitted this 14th day of August, 2023.

By: s/ *Jonathan A. Scruggs*

Jonathan A. Scruggs (AZ Bar No. 030505)
Katherine L. Anderson (AZ Bar No. 033104)
**Alliance Defending Freedom**
15100 N. 90th Street
Scottsdale, AZ  85260
Telephone: (480) 444-0020
Fax: (480) 444-0028
jscruggs@ADFlegal.org
kanderson@ADFlegal.org

David A. Cortman (GA Bar No. 188810)
**Alliance Defending Freedom**
1000 Hurricane Shoals Rd. NE
Suite D-1100
Lawrenceville, GA 30043
Telephone: (770) 339-0774
Fax: (770) 339-6744
dcortman@ADFlegal.org

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2023, the foregoing motion was filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Jack Davy Patten, III
Skippere Stewart Spear
Vincent Edward Morscher
Billy Lee Seiber
Colorado Attorney General's Office
Ralph L. Carr Colorado Judicial Center
1300 Broadway
Denver, CO 80203
720-508-6000
Fax: 720-508-6032
jack.patten@coag.gov
skip.spear@coag.gov
vincent.morscher@coag.gov
billy.seiber@coag.gov

        s/ *Jonathan A. Scruggs*
        Jonathan A. Scruggs (AZ Bar No. 030505)
        **Alliance Defending Freedom**
        15100 N. 90th Street
        Scottsdale, AZ  85260
        Telephone: (480) 444-0020
        Fax: (480) 444-0028
        jscruggs@ADFlegal.org

        *Attorney for Plaintiffs*