# EXHIBIT A

# Case No. 19-1413

## UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

**303 CREATIVE LLC** and **LORIE SMITH**,

*Plaintiffs-Appellants*,

v.

**AUBREY ELENIS**, et al.,

*Defendants-Appellees*,

On appeal from the United States District Court
for the District of Colorado
The Honorable Chief Judge Marcia S. Krieger
Case No. 1:16-cv-02372-MSK

## PLAINTIFFS-APPELLANTS' REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES

Kristen K. Waggoner
Jonathan A. Scruggs
Katherine L. Anderson
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020
kwaggoner@ADFlegal.org
jscruggs@ADFlegal.org
kanderson@ADFlegal.org

David A. Cortman
John J. Bursch
Alliance Defending Freedom
440 First Street NW, Suite 600
Washington, DC 20001
(202) 393-8690
dcortman@ADFlegal.org
jbursch@ADFlegal.org

*Attorneys for Plaintiffs-Appellants 303 Creative LLC and Lorie Smith*

Colorado suggests that a plaintiff who succeeds on the merits of her case at the U.S. Supreme Court is not yet a "prevailing party" under 42 U.S.C. § 1988. Colorado is wrong. 303 Creative LLC and Lorie Smith (together "Smith") are already prevailing parties.

The Supreme Court recently ruled in Smith's favor based on the merits of her summary-judgment motion. The Supreme Court then issued a judgment and awarded costs to Smith. *See* Judgment, ECF No. 010110897012. This Court likewise issued a mandate, awarded Smith's costs, and remanded the case "to the district court for further proceedings consistent with the Supreme Court's decision." *See* Order, ECF No. 010110912342.

Smith is a prevailing party because she succeeded on the merits of her First Amendment claim. *303 Creative LLC v. Elenis*, 143 S. Ct. 2298, 2321–322 (2023). The Supreme Court's decision also altered the party's legal relationship. Before that decision, Colorado claimed it could compel Smith to design custom wedding websites promoting same-sex marriage. *Id.* at 2313 ("…Colorado seeks to compel speech Ms. Smith does not wish to provide."). Now it cannot (assuming Colorado abides by the Court's decision). *Id.* at 2321–322. Even Colorado admits that those qualities—success on the merits and change in legal relationship—prove prevailing party status.

Even so, Colorado contends that Smith is not a prevailing party because she has not yet received an enforceable final judgment at the

1

district court. For that, Colorado relies on a quotation from *Farrar v. Hobby*, 506 U.S. 103 (1992). But the plaintiff in *Farrar* was a prevailing party. *Id.* at 114–15. So in a little bit of a rabbit trail, Colorado actually relies on *Hewitt v. Helms*, 482 U.S. 755 (1987), the case *Farrar* cites and quotes in the quotation on which Colorado relies.

But *Hewitt* doesn't apply here. In that somewhat complicated case, a court of appeals found that prison officials violated the plaintiff's due-process rights but then remanded the case to the district court to determine whether the officials were entitled to immunity. *Hewitt*, 482 U.S. at 758–59. The district court held the officials were immune. *Id.* That court then dismissed the plaintiff's suit because he had waived all relief besides damages, which were unavailable because of the officials' immunity. *Id.* Unsurprisingly, the Supreme Court considered those unique circumstances and held that the plaintiff was not a prevailing party because he "obtained no relief." *Id.* at 759–60. Put differently, the court of appeals' statement that the officials violated his rights was insufficient, by itself, to establish him as the prevailing party.

In sharp contrast here, the Supreme Court ruled in Smith's favor on the merits of her First Amendment claim and there is no immunity defense remaining. Now the case is trickling back down to the district court for mostly procedural matters: for that court to award injunctive and declaratory relief and enter final judgment in Smith's favor consistent with the Supreme Court's opinion and this Court's mandate.

2

*See* Order, ECF No. 010110912342. As this Court ordered, the lower court's proceedings must be "consistent with the Supreme Court's decision." *Id.* That instruction follows the mandate rule which "provides that a district court must comply strictly with the mandate rendered by the reviewing court." *Ute Indian Tribe of the Uintah & Ouray Rsrv. v. State of Utah*, 114 F.3d 1513, 1521 (10th Cir. 1997) (cleaned up). Because the Supreme Court ruled in Smith's favor on the merits, she will necessarily receive a favorable judgment in the district court. And, of course, as part of that final judgment, Smith has requested and will again request declaratory, injunctive, and other forms of relief. Aplt. App. 1–075-76 (¶¶ 1–9); Pls.' Mot. for Summ. J. and Mem. in Supp. 76–77, ECF No. 48, Case No. 16-cv-02372-MSK-CBS.

Colorado's position conflicts with this Court's rules and caselaw. Tenth Circuit Rule 39.2 contemplates that a prevailing party at the appellate stage will file a motion for attorneys' fees with this Court and before the district court formally enters final judgment. Under that rule, a party must file a request for appellate attorneys' fees 14 days after the time to file for rehearing expires. *See* 10th Cir. R. 39.2(A). That deadline triggers regardless of the district court's actions. *Id.* And requests "for appeal-related attorneys' fees must first be made" to this Court, again regardless of the case status at the district court. *Hoyt v. Robson Companies, Inc.*, 11 F.3d 983, 985 (10th Cir. 1993). Smith's counsel followed this rule and this precedent by requesting fees within the

3

applicable deadlines and prior to the district court's final judgment.

Colorado's logic would make appellate-level attorneys' fees unrecoverable. To Colorado, a party that appeals an adverse decision, wins on the merits on appeal, and obtains a favorable remand order on the merits would never be able to recover appellate-level fees if they followed Rule 39.2's timeline and requested fees before the district court entered judgment.

That makes no sense and violates the spirit of 42 U.S.C. § 1988 and similar fee-shifting statutes. Fee-shifting statutes act as an exception to the American Rule "to ensure effective access to the judicial process for persons with civil rights grievances." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (cleaned up). If Colorado's position were accurate "few aggrieved parties would be in a position to advance the public interest by invoking the injunctive powers of the federal courts" through successful appeals. *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402 (1968) (per curiam).

For these reasons, Smith requests that this Court enter an order awarding her reasonable attorneys' fees, expenses, and costs as the prevailing party and also remand the calculation of that award to the district court. Alternatively, this Court could wait and name Smith the prevailing party after the district court enters a final judgment in Smith's favor. But this Court need not wait because of the overwhelming support for Smith's prevailing party status.

Dated: September 21, 2023

                                            Respectfully submitted,

                                            *s/ Jonathan A. Scruggs*

| | |
|---|---|
| David A. Cortman | Kristen K. Waggoner |
| John J. Bursch | Jonathan A. Scruggs |
| ALLIANCE DEFENDING FREEDOM | Katherine L. Anderson |
| 440 First Street NW, Suite 600 | ALLIANCE DEFENDING FREEDOM |
| Washington, DC 20001 | 15100 N. 90th Street |
| (202) 393-8690 | Scottsdale, AZ 85260 |
| dcortman@ADFlegal.org | (480) 444-0020 |
| jbursch@ADFlegal.org | kwaggoner@ADFlegal.org |
| | jscruggs@ADFlegal.org |
| | kanderson@ADFlegal.org |

*Attorneys for Plaintiffs-Appellants 303 Creative LLC and Lorie Smith*

5

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2023 a true and accurate copy of the foregoing document was electronically filed with the Court using the CM/ECF system, which will automatically serve electronic copies upon all counsel of record.

Date: September 21, 2023           <u>s/ Jonathan A. Scruggs</u>
                                                      Jonathan A. Scruggs