IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  1:16-cv-02372-PAB

303 CREATIVE LLC, a limited liability company; and
LORIE SMITH,

  *Plaintiffs*,

vs.

AUBREY ELENIS, Director of the Colorado Civil Rights
Division, in her official capacity;
SERGIO RAUDEL CORDOVA,
CHARLES GARCIA,
GETA ASFAW,
MAYUKO FIEWEGER, and
DANIEL S. WARD, as members of the Colorado Civil Rights
Commission, in their official capacities, and
PHILIP J. WEISER, Colorado Attorney General,
in his official capacity,

  *Defendants*.

---

DECLARATION OF DAVID H. THOMPSON IN SUPPORT OF
MOTION FOR ATTORNEYS' FEES AND COSTS

---

  David H. Thompson, being first duly sworn, states as follows:

  1. I am the Managing Partner of the law firm Cooper & Kirk PLLC ("Cooper & Kirk").

  2. This declaration is submitted in support of Plaintiffs' motion for an award of attorney's fees and costs as the prevailing party pursuant to 42 U.S.C. § 1988 and Federal Rule of Civil Procedure 54(d).

3.     I graduated from Harvard Law School, J.D., *cum laude*, 1994, and from Harvard University, A.B., *magna cum laude*, 1991. I am a member of the Bars of New York and the District of Columbia; the Bar of the Supreme Court of the United States; the Bars of every United States Courts of Appeals; and the Bars of the United States District Courts for the District of Colorado, District of Columbia, the Western District of Michigan, and the Northern District of Florida.

4.     I have extensive trial and appellate experience in a wide range of matters. As relevant here, I have represented plaintiffs in constitutional civil-rights matters in cases before the United States Courts of Appeals for the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Ninth, Tenth, Eleventh, and D.C. Circuits, in related District Courts, and in numerous state courts. More generally, I have argued before the United States Supreme Court three times, each of the 13 federal courts of appeals, many federal district courts, and in many state courts.

5.     Throughout my career, I have been involved in many cases at the United States Supreme Court. In recent years, I have argued three times in the Supreme Court in cases that implicated the Constitution: *Moore v. Harper*, 600 U.S. 1 (2023) (Elections Clause), *Berger v. North Carolina State Conf. of the NAACP*, 597 U.S. 179 (2022) (federalism and intervention under Federal Rule of Civil Procedure 24(a)(2)), and *Collins v. Yellen*, 141 S. Ct. 1761 (2021) (separation of powers). This Term, I was also involved in the briefing and preparation for oral argument in *Moody v. NetChoice, LLC*, 22-277 (First Amendment), and the State of Idaho's successful application for emergency relief in *Labrador v. Poe*, 23A763 (Equal Protection Clause). I also am Counsel of Record for the respondents in *Garland v. VanDerStok*, 23-852, an Administrative Procedure Act challenge to an ATF rule in which the Supreme Court will hear oral argument next Term.

6. Cooper & Kirk also recently argued and won a First Amendment free-speech case before the Supreme Court. *Fed. Election Comm'n v. Cruz*, 596 U.S. 289 (2022). And Cooper & Kirk has served as lead or co-counsel in many other Supreme Court cases. *See, e.g.*, *Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122 (2023) (Due Process Clause); *Schuette v. Coal. to Defend Affirmative Action, Integration & Immigrant Rts. & Fight for Equal. By Any Means Necessary*, 572 U.S. 291 (2014) (Equal Protection Clause); *Hollingsworth v. Perry*, 570 U.S. 693 (2013) (standing to challenge California's Proposition 8); *Virginia Uranium, Inc. v. Warren*, 139 S. Ct. 1894 (2019) (Atomic Energy Act and preemption); *Gen. Dynamics Corp. v. United States*, 563 U.S. 478 (2011) (remedies). In varying degrees, I have knowledge of these cases, and I am familiar with Cooper & Kirk's preparation and legal strategies for Supreme Court litigation. This background has made me familiar with the amount of time, preparation, and attention to detail that litigation before the Supreme Court demands.

7. In my experience as the Managing Partner of Cooper & Kirk and as lead counsel in constitutional litigation in federal trial and appellate courts, I have become familiar with the economics of law practice, billing rates, the setting and collection of legal fees in complex constitutional litigation, and risks and necessary costs in litigation comparable to the instant action. I am also familiar with the manner in which Cooper & Kirk maintains its business records and generates its billing records. I have extensive personal experience negotiating fee arrangements with sophisticated consumers of legal services and regularly representing clients on an hourly rate basis in similar complex litigation matters and matters of public importance. This personal experience includes working with clients who wish to challenge federal and state laws and regulations that violate the First Amendment.

8. Given my experience, I have become familiar with the billing rates for attorneys at my firm and other firms with Supreme Court litigation expertise. I am also familiar with the billing rates in Washington, D.C.

9. As part of my experience as a litigator in constitutional and civil-rights cases, I have become familiar with the work of Alliance Defending Freedom (ADF). Cooper & Kirk has worked directly with ADF as co-counsel and has filed amicus briefs in federal appellate cases where ADF has served as counsel of record.

10. ADF attorneys are well-known as experts in the First Amendment at the Supreme Court. In my estimation, they are one of the best law firms in the nation specializing in free-speech and religious-liberty litigation. And, in my opinion, ADF is one of the top Supreme Court advocacy law firms in the country on constitutional and personal-liberty issues.

11. For example, I am aware that since 2011, ADF has directly represented parties in 15 victories at the Supreme Court. Those cases have included freedom of speech, freedom of religion, civil-rights remedies, and others.

12. I understand that this case involved a pre-enforcement suit brought by Lorie Smith and her design studio, 303 Creative, against various Colorado officials (Colorado). Smith alleged that Colorado's Anti-Discrimination Act (CADA) violated her constitutional rights to free speech and free exercise under the First Amendment and to equal protection and due process under the Fourteenth Amendment. Based on my understanding of this case, I would classify this case as legally complex. That complexity is exemplified by the fact that Smith only obtained relief after litigating her case to the Supreme Court. That complexity necessitated the retention of attorneys who specialize in constitutional litigation like ADF.

13.     Additionally, based on my experience working with law firms across the country, and given the controversial subject matter of this case, it would be exceedingly difficult to bring in experienced counsel necessary to initiate and litigate a novel and complex case like this one. Many firms with the requisite experience would be either unable or unwilling to file and prosecute this lawsuit.

14.     I have reviewed the number of hours for which ADF attorneys are requesting compensation for work performed during the course of litigation before the Supreme Court. Based on my personal experiences litigating cases of similar complexity and importance in the Supreme Court, it is my opinion that the hours ADF spent on this case at the Supreme Court are reasonable.

15.     Each Supreme Court case receives a unique level of scrutiny from the Justices, the parties, amicus parties, and the public. For that reason, litigating a case at the Supreme Court requires a unique level of preparation—from preparing the petition for a writ of certiorari, to merits briefing, to supplemental briefing (if necessary), and to oral argument.

16.     Dozens of amicus briefs were also filed in support of Colorado. These briefs were filed by prominent entities, organizations, and individuals such as the ACLU, the American Bar Association, the New York State Bar Association, the State of Massachusetts, 137 Members of Congress, the American Psychological Association, and many scholars.

17.     All of this required ADF's attorneys to decide which arguments needed explicit responses, to address complicated arguments in its reply brief, and to distill vast amounts of information and arguments into a single filing.

18.     Finally, ADF attorneys had to prepare for the oral argument. This is a herculean task. The Supreme Court has a Guide for Counsel that is illustrative of the preparation need for effective oral advocacy. For example, the Supreme Court advises counsel to "[k]now your client's business."[1] It then gives an example of an attorney who represented a large brewing company and was asked the difference between beer and ale even though "[t]he question had little to do with the issues."[2] The Supreme Court instructs counsel to assume the Justices have read all of the amicus curiae briefs filed in the case.[3] The instructions also make clear that each word uttered by counsel—and how counsel presents each word—at oral argument makes a difference.[4]

19.     For these reasons and more, it is commonplace in my experience for attorneys arguing before the Supreme Court to have a team of supporting lawyers who may conduct additional legal research specifically for the oral argument and to ask those lawyers to summarize that research. It is also my experience that attorneys arguing spend significant amounts of time becoming familiar with the amicus briefs that have been filed, preparing for argument alone, talking about the

---

[1] https://www.supremecourt.gov/casehand/Guide%20for%20Counsel%202023.pdf
[2] https://www.supremecourt.gov/casehand/Guide%20for%20Counsel%202023.pdf
[3] https://www.supremecourt.gov/casehand/Guide%20for%20Counsel%202023.pdf
[4] https://www.supremecourt.gov/casehand/Guide%20for%20Counsel%202023.pdf
("You should speak in a clear, distinct manner, and try to avoid a monotone delivery."); ("You should not attempt to enhance your argument time by a rapid fire delivery."); ("If you are speaking and a Justice interrupts you, cease talking immediately and listen.");(" Avoid emotional oration and loud, impassioned pleas.")' ("Be careful to use precise language."); ("Be careful not to use the 'lingo' of a business or activity."); ("Simple words are best."); (refer to an opinion of the Court by saying "'In the Court's opinion, ….'")

case informally with others, participating in multiple formal moot courts, regularly assigning additional research projects, and much more.

20.     I have reviewed the hours ADF attorneys spent preparing for the Supreme Court oral argument. Based on my experience and the unique Supreme Court litigation concerns that I have outlined above, those hours are reasonable.

21.     I have also reviewed the billing rates sought by the ADF attorneys and staff for their work at the Supreme Court. Based on my experience with billing in Washington, D.C. and practicing before the Supreme Court, it is my opinion that the following rates are reasonable for ADF's work at the Supreme Court.

| Attorney | Years of Practice | Reasonable Rate |
|---|---|---|
| Kristen Waggoner | 27 | $1,400 |
| John Bursch | 27 | $1,400 |
| David Cortman | 28 | $1,400 |
| Erin Hawley | 19 | $900 |
| Jonathan Scruggs | 18 | $850 |
| Jake Warner | 13 | $750 |
| Bryan Neihart | 10 | $715 |
| Cody Barnett | 7 | $650 |
| Staff | Years of Experience | Reasonable Rate |
| Cindy Eville | 30 | $300 |

22.     My judgment that these rates are reasonable is based on my own personal experience with billing, the level of experience of the above-listed attorneys after reviewing their declarations, and my opinion based on the reasonable rates

7

that would be charged for Supreme Court litigation in Washington, D.C. by attorneys and staff with comparable experiences and expertise.

23. Many attorneys in Washington, D.C. with experience arguing before the U.S. Supreme Court bill at an even higher rate.

24. For example, Hogan Lovells partner Neal Katyal reportedly bills at a rate of $2,465 an hour. Karen Sloan & Mike Scarcella, *Lawyer's $2,465 hourly rate draws objection in J&J talc bankruptcy case*, Reuters (May 24, 2022), https://bit.ly/3F3RsCm. Former U.S. attorney general Eric Holder Jr., a partner at Covington & Burling, billed $2,295 an hour as recently as 2021. *Id.* In 2023, Quinn Emanuel partner and former acting U.S. Attorney William Weinreib was billing at a rate of $1,685 per hour. *Jailed Engineer Critical of 'Staggering' Billing Rates*, NALFA (September 25, 2023), https://www.thenalfa.org/blog/jailed-engineer-critical-of-staggering-billing-rates/. Other Quinn Emanuel hourly rates include $1,440 for "counsel", $1,095 for a fourth-year associate, and $880 for a second-year associate. *Id.* M. Sean Royall, a partner at Sidley Austin, was reportedly charging $2,225 per hour. *In National Merit scandal, FCPS agreed to pay outside lawyers hefty fee: $2,225 per hour*, Fairfax County Times (March 17, 2023), https://www.fairfaxtimes.com/articles/fairfax_county/in-national-merit-scandal-fcps-agreed-to-pay-outside-lawyers-hefty-fee-2-225-per/article_85cfda2e-c439-11ed-8fa9-0fd93a438ab8.html. And in 2024, Quinn Emanuel partner William "Bill" Burck has been recently reported to have a standard billing rate of $2,250 per hour. *In fight vs. NCAA, Tennessee retains potent attorney from Martha Stewart, Steve Bannon cases*, Knox News (February 10, 2024), https://www.knoxnews.com/story/sports/college/university-of-

tennessee/football/2024/02/10/bill-burck-tennessee-ncaa-investigation-lawyer-martha-stewart-steve-bannon-attorney/72542932007/.

25.     As recent as 2022, lawyers from Jones Day were charging $1,350 an hour, Weil, Gotshal & Manges' top rate was $1,579, and lawyers from Orrick Herrington & Sutcliffe's charged $1750 an hour. *Id.*

26.     In 2019, Gibson Dunn partner Theodore Olson reportedly billed at least $1,800 an hour. Mike Scarcella & Marcia Coyle, *What New Supreme Court Cases Reveal About Big Law Billing Rates*, Law.com (Aug. 27, 2019), https://bit.ly/3nGmt49. Kirkland partner George Hicks Jr., who has argued only one U.S. Supreme Court case, bills at $1,075 an hour. *Id.* Former Kirkland partner Christopher Landau, who served as U.S. Ambassador to Mexico after his March 2019 confirmation, was billing at $1,495 an hour. *Id.* Kirkland partner Bartow Farr billed at $1,385 an hour. *Id.* And Kellogg, Hansen partner David Frederick recently billed at $1,265 an hour. Jaime Adame, *ASU System turns to pricey D.C. law firm in free-speech case*, https://bit.ly/2VZOOu4.

27.     And even in 2015, a frequent U.S. Supreme Court advocate like Thomas Goldstein of Goldstein & Russell was billing at $1,100 an hour. David Lat, *Top Supreme Court Advocates Charge How Much Per Hour?*, Above the Law (Aug. 10, 2015), https://bit.ly/3bH28sP.

28.     In light of the First Amendment expertise that ADF's lawyers and staff brought to the task, the market rates for lawyers who specialize in Supreme Court advocacy,  and the degree of success obtained for ADF's client, both the rates outlined above and the collective number of hours worked by ADF counsel are reasonable.

## Declaration

I, David H. Thompson, declare under penalty of perjury that the foregoing is true and correct.

Signed this 23rd day of July, 2024.

David H. Thompson